IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| ESTEVAN CERVANTEZ, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-1059-RP |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff Estevan Cervantez's ("Cervantez") Motion for Costs of Service of Summons and Complaint. (Dkt. 20). Cervantez, formerly a corrections officer for the Texas Department of Criminal Justice ("TDCJ"), has sued nine TDCJ officials and employees related to his alleged wrongful termination. (*See* Compl., Dkt. 1). In his complaint, he explicitly asserts claims against six of those defendants in their individual capacities: Alonzo Hammonds, Steven Roskey, Anthony Myles, Fernando Fuster, Donald Muniz, and Melodye Nelson. (*Id.* at 27–28). He also explicitly asserts claims against five of those defendants in their official capacities: Muniz, Fuster, Bryan Collier, Patty Garcia, and Kristie Largent. (*Id.* at 30).[1]

Counsel for Cervantez avers that on January 9, 2019, he sent letters via certified mail to all nine defendants with a copy of the complaint; the summons; duplicate forms for waiving service; and a self-addressed, prepaid envelope. (Mot., Dkt. 20 at 2).[2] Only Roskey waived service; none of the other defendants responded. (*Id.* at 3). On February 13, 2019, plaintiff's counsel emailed seven of the defendants with a follow-up request to waive service. (*Id.*).[3] None returned the waiver form by

---

[1] The Court refers to the nine defendants collectively as "Defendants."

[2] Defendants do not contest the representations made about the timing or content of plaintiff's counsel's correspondence to them requesting waiver of service.

[3] Plaintiff's counsel did not email Roskey, who had already waived service, or Myles, for whom he did not have an email address.

1

February 15, 2019, at which point Cervantez hired a process server to deliver the summons and complaint to the eight defendants that had not returned a waiver form. (*Id.* at 3–4). Pointing to Federal Rule of Civil Procedure 4(d)(2), Cervantez now asks the Court to impose on those defendants the costs of hiring the process server and his attorney's fees relating to the instant motion to collect those costs. (*Id.* at 4–5). According to Cervantez, his attorney's fees total $750.00 and his costs total $744.35, broken down as follows: Collier and Fuster, $75.25 each; Nelson, Largent, Garcia, Myles, and Hammonds, $95.25 each; and Muniz, $117.60. (*Id.* at 5).

Federal Rule of Civil Procedure 4(d) provides that individuals subject to service under Rule 4(e) have "a duty to avoid unnecessary expenses of serving the summons" and permits a plaintiff to request that they waive service. Fed. R. Civ. P. 4(d)(1). If a defendant fails, "without good cause," to sign and return the plaintiff's waiver request, then the Court *must* impose on that defendant (a) the expenses later incurred in making service; and (b) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Defendants object that Rule 4(d) does not apply here because Cervantez sued them in their official capacities. (Resp., Dkt. 23, at 3–5). According to Defendants, Rule 4(d)'s waiver provisions do not apply to them because they are subject to service not under Rule 4(e), but under Rule 4(j)(2), which applies to state officials. (*Id.* at 4). That is true for the five defendants sued in their official capacities. *See Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009) ("[A] state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of rule 4(d)."). For those five defendants, the Court agrees that Rule 4(d) does not apply.

But four defendants were sued only in their individual capacities: Hammonds, Roskey, Myles, and Nelson. (Compl., Dkt. 1, at 27–28). Cervantez's claims against those defendants are not claims against the state, which means Rule 4(j) does not apply. Those defendants must be served as individuals under Rule 4(e), and so they are subject to Rule 4(d). Fed. R. Civ. P. 4(d)(1); *see also Judeh*

*v. Louisiana State Univ. Sys.*, CIV.A. 12-1758, 2013 WL 654921, at *3 (E.D. La. Feb. 20, 2013) (declining to "interpret the plain language of Rule 4 to mean that a defendant sued in his individual capacity is subject to . . . Rule 4(j)['s] . . . prohibition on waiver of service"). Only Roskey returned Cervantez's request for waiver. (Mot., Dkt. 20, at 3). The other three defendants—Hammonds, Myles, and Nelson—must therefore pay Cervantez's service expenses and related attorney's fees unless they show good cause for failing to waive service. Fed. R. Civ. P. 4(d)(2).

Defendants offer only two arguments for finding good cause. First, they argue that Texas Rule of Civil Procedure 103 bars a person who is a "party to or interested in the outcome of a suit" from serving "any process in that suit." (Resp., Dkt. 23, at 5 (quoting Tex. R. Civ. P. 103)). But plaintiff's counsel is not a "party" for purposes of Rule 4, and "is therefore permitted to effect service under the rule." *White v. Irene's Cuisine, Inc.*, CIV.A. 01-3912, 2002 WL 31308388, at *1 (E.D. La. Oct. 10, 2002) (citing cases). More fundamentally, Rule 4(e) does not impose the same limits on service as Rule 4(j) and permits service according to several prescribed methods without limiting them according to the forum state's law. Fed. R. Civ. P. 4(e)(2)(A), (B), (C).

Next, Defendants argue that the Court cannot award expenses and attorney's fees under Rule 4(d)(2) because Federal Rule of Civil Procedure 54(d) only permits costs other than attorney's fees to be awarded to a prevailing party, and Cervantez is not yet a prevailing party. (Resp., Dkt. 23, at 6). But Rule 54(d) applies to judgments, and Defendants offer no support for applying its limitations to expenses that a court must assess under Rule 4. Even if Rule 54(d) did apply in this context, its prevailing-party limitation only applies "[u]nless . . . the [Federal Rules of Civil Procedure] . . . provide[ ] otherwise[.]" Fed. R. Civ. P. 54(d)(1). Rule 4(d)(2) provides otherwise: it commands a district court to impose expenses incurred in making service and the reasonable expenses, including attorney's fees, of a motion required to collect those expenses. Fed. R. Civ. P. 4(d)(2). Nothing in Rule 4(d)(2) predicates the imposition of such fees on prevailing on the merits,

3

nor would such a limitation make sense. Imposition of expenses under Rule 4(d)(2) depends upon whether a defendant fails, without good cause, to sign and return a waiver request. Rule 54(d) is irrelevant. Defendants have failed to articulate good cause for failing to return Cervantez's waiver request. The Court must therefore impose expenses upon Hammonds, Myles, and Nelson, the three individually sued defendants who did not return the waiver requests delivered to them.

But Rule 4(d)(2)(B) directs courts to impose only the *reasonable* expenses, including attorney's fees, of a motion to collect the expenses incurred in making service. Fed. R. Civ. P. 4(d)(2)(B). Cervantez states that his reasonable attorney's fees are $750, supported only by the uncited claim that other federal courts "have awarded higher amounts in similar situations." (Mot., Dkt. 20, at 5). Missing from Cervantez's fee request is evidence of the time and labor required, evidence that his hourly fee is reasonable, or any other evidence relevant to the factors a court must examine to determine the reasonability of a request for attorney's fees. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Without such evidence, the Court cannot find that Cervantez's fee request is reasonable, and therefore cannot order Defendants to pay his requested fees.

Accordingly, **IT IS ORDERED** that Cervantez's Motion for Costs of Service of Summons and Complaint, (Dkt. 20), is **GRANTED IN PART**. His motion is granted only insofar as the following defendants shall pay to Cervantez the expenses incurred in serving them: Defendant Nelson, $95.25; Defendant Myles, $95.25; and Defendant Hammonds, $95.25. His motion is denied in all other respects.

**SIGNED** on July 29, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4