# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ESTEVAN CERVANTEZ | § |
| | § |
| VS. | §   NO. A-18-CV-1059-RP |
| | § |
| BRYAN COLLIER, ET AL. | § |

## ORDER

Before the Court are Defendants' Motion to Exclude the Expert Testimony of Valerie Wolfe Mahfood, Ph.D. (Dkt. No. 46) and Plaintiff's Response (Dkt. No. 48). The District Court referred the discovery dispute to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

Plaintiff Estevan Cervantez is a former Corrections Officer at the Texas Department of Criminal Justice. He alleges violations of his Fourteenth Amendment rights, tortious interference, and fraud claims related to his resignation from his position at TDCJ. Dkt. No. 1 at 16, 27, 23. Cervantez has retained Valerie Wolfe Mahfood, Ph.D., to testify as an expert is his case. Dr. Mahfood possesses a doctorate in Criminal Justice from Sam Houston State University and teaches Criminal Justice at American Intercontinental University.  Dr. Mahfood submitted an expert report regarding Defendants' actions in the investigation of Cervantez's alleged misconduct and his subsequent resignation. Dkt No. 44. The report, based upon Cervantez's Complaint, various grievances Cervantez filed related to the handling of his resignation, and TDCJ policy, opines that Defendants violated several TDCJ policies in dealing with Cervantez's resignation. The parties dispute the facts underlying the resignation.

Defendants object to Dr. Mahfood's report, and ask that her testimony and expert report be disallowed. Defendants do not attack Dr. Mahfood's qualifications as an expert, but seek to exclude her testimony because: (1) it was not based upon personal knowledge of the pertinent events; and (2) she assumed for the purposes of her report that Cervantez's version of the underlying facts of the case are true. Defendants argue the report is unreliable and not helpful to the trier of fact as required by Rule 702, and because admission of her testimony will mislead the jury and cause unfair prejudice in violation of Rule 403. Defendants rely on *Gage v. Jenkins*, 2017 WL 2190064, at *4 (M.D. La. May 18, 2017), in support. Cervantez responds that *Gage* is inapposite to his case. Additionally, he cites various cases supporting the notion that an expert may assume a party's version of the facts to be true in reaching an expert opinion. *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (challenges to the basis of an expert's opinions generally go to the weight of the evidence); *Perez v. City of Austin*, 2008 WL 1990670 at *5 (W.D. Tex. May 5, 2008); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 247 (5th Cir. 2002).

## II. STANDARD

The Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 is the proper standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597-98 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and

2

> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsupported assertions of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of her opinion must be reliable. *Daubert*, 509 U.S. at 592-93; *Moore*, 151 F.3d at 276. "The expert's assurances that he [or she] has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of his or her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for the expert's testimony to be relevant. *Daubert*, 509 U.S. at 593*; Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing that the challenged testimony is admissible. FED. R. EVID. 104(A). The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

## III. ANALYSIS

As noted, the Defendants argue that Dr. Mahfood's testimony should be excluded because she does not have personal knowledge of the facts she relies upon. This argument is proven incorrect by the text of Federal Rule of Evidence Rule 703, which notes that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." FED. R. EVID. 703. The use of the disjunctive "or" makes it clear that an expert may rely on facts she has "been made aware of." Personal knowledge is not required.

Defendants' reliance on *Gage* is also off the mark. In *Gage*, the Court disallowed the testimony of the plaintiff's expert related to the "reasonableness" of an officer's actions in confronting the jailed plaintiff in the suit. The Court stated, "[t]hese essential facts, however, are not actually disputed in this case, and Officer Taylor is no longer a Defendant herein. As such, the reasonableness of Officer Taylor's actions in those respects is not at issue." The expert in that case was not excluded because he was not present at the event or assumed certain facts to be true for the purposes of his expert testimony, but because his expertise related to an incident that was not in dispute, and was therefore irrelevant.

With regard to Dr. Mahfood's opinions being based on her assumption of certain facts, the law is clear that while an expert may not be used as a vehicle through which a party introduces inadmissible facts, "experts are permitted to assume the underlying facts that form the basis for their opinions." *Cromwell v. Wal–Mart Stores, Inc.*, 46 Fed. Appx. 733, 2002 WL 1973906 at *2 (5th Cir. Aug. 9, 2002) (citing *Daubert*, 509 U.S. at 592). Challenges to the basis of an expert's opinions generally go to the weight of the evidence. *See Viterbo*, 826 F.2d at 422. Moreover, "flaws, inaccurate conclusions, omissions and/or exaggerations—while perfect fodder for a strenuous

4

cross-examination—are not generally grounds for prohibiting the witness' testimony." *Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp.*, 2019 WL 2723263, at *2 (S.D. Tex. June 28, 2019).The Defendants' arguments that Mahfood's analysis improperly factors in a number of factual assumptions all go to the weight of her opinions, not to admissibility.

Finally, Defendants' Rule 403 argument likewise fails. Rule 403 requires the exclusion of even well-founded and relevant expert evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Defendants' argument regarding Rule 403 rests on its assertion that Dr. Mahfood improperly relies on Cervantez's version of the facts. As discussed above, this is not improper, and Mahfood will be subjected to cross-examination as to the factual bases of her opinions. The Court finds that the danger of unfair prejudice does not substantially outweigh the testimony's probative value.

In light of the foregoing, Defendants' Motion to Exclude the Experts Testimony of Valerie Wolfe Mahfood, Ph.D. (Dkt. No. 46) is **DENIED**.

SIGNED this 11th day of December, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE